UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABBIE L.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C23-1330-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1962, has a high school education, and last worked as an administrative clerk. AR 40, 133, 1077. Plaintiff was last gainfully employed in December 2013. AR 133.

In November 2014, Plaintiff applied for benefits, alleging disability as of December 2013. AR 305. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 183-94. After the ALJ conducted a hearing in December 2016, the ALJ issued a decision finding Plaintiff not disabled. AR 35-84, 158-76. In July 2018, the Appeals Council accepted Plaintiff's request for review and remanded the case for further proceedings. AR 177-82. On remand, after the ALJ conducted a hearing in April 2019, the ALJ again issued a decision finding Plaintiff not disabled. AR 12-30, 85-131. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. AR 1141-48. In July 2021, this Court reversed and remanded the ALJ's decision for further proceedings. AR 1154-63. After the ALJ conducted a hearing in May 2023, the ALJ again issued a decision finding Plaintiff not disabled. AR 1065-1115.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date in December 2013 through her date last insured in December 2018.

**Step two**: Plaintiff has the following severe impairments: residual effects from right knee meniscectomy and right hip arthroplasty; mild osteoarthritis; mild diabetes mellitus; and cervical spine degenerative disc disease.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform sedentary work with some exceptions. She can never climb ladders, kneel, crouch, or crawl. She can occasionally balance, stoop, and climb ramps or stairs. She must avoid concentrated exposure to temperature extremes, wetness, vibrations, or hazards. She can frequently handle and finger bilaterally.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**Step four**: Plaintiff can perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1070-72, 1077.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by finding that Plaintiff can perform her past work as an administrative clerk, as actually performed, despite limiting her to no more than frequent handling and fingering bilaterally. Dkt. 10 at 4-5. As relief, Plaintiff argues the Court should remand the case for calculation of an award of benefits. Dkt. 10 at 6-8. The Commissioner concedes the ALJ committed reversible error by relying on the administrative clerk occupation at step four, which was incompatible with the RFC, but argues remand for further proceedings is the proper remedy. Dkt. 14 at 2-5.

## A. Scope of Remand

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). In deciding whether a case may be remanded for an award of benefits the Court considers: (1) has the record been fully developed such that further administrative proceedings would serve no useful purpose; (2) has the ALJ failed to provide legally sufficient reasons for rejecting evidence from claimant's testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, would the ALJ be required to find claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even when "all conditions of the credit-as-true rule are satisfied, [if] an evaluation of the record as a whole creates serious doubt that a [claimant] is, in fact, disabled . . . [the Court has the] flexibility to remand for further proceedings." *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775 F3d 1090, 1100-01 (9th Cir. 2014).

The Court concludes that Plaintiff has not met the three prongs of the credit-as-true rule and thus that remand for further proceedings is warranted. First, further proceedings are

necessary because there are outstanding issues that must be resolved, the ALJ did not err in all respects, and the record requires further assessment. For instance, Plaintiff asserts the ALJ erroneously discounted Plaintiff's testimony that her previous work as an administrative clerk required her to frequently write, type, or handle small objects. Dkt. 10 at 4-5. Based on this, Plaintiff contends that she is precluded from performing the only job the ALJ found she could perform. However, the ALJ erred at step four in finding that Plaintiff could perform past relevant work. Therefore, the applicable regulations require the Commissioner to proceed to step five and determine whether Plaintiff was able to do any other work existing in significant numbers. 20 C.F.R. § 404.1520(a)(4). While the Court appreciates Plaintiff's argument, it fails to show that further proceedings regarding step five would serve no purpose.[3]

The other two prongs of the credit-as-true rule are also not met. Plaintiff has not shown that the ALJ failed to evaluate the longitudinal record or that the ALJ would be required to find Plaintiff disabled on remand. Dkt. 10 at 6-7. Plaintiff's assertion that the ALJ did not identify any work she could perform does not meet the requirements necessary to present an issue for appellate review. *Putz v. Kijakazi*, 2022 WL 6943095, at * 2 (9th Cir. Oct. 12, 2022). Simply averring the record supports a finding of disability does not constitute a reasoned argument and the Court declines to "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Plaintiff's failure to show whether the ALJ erred in assessing the longitudinal record supports the conclusion that remand for further proceedings are appropriate.

---

[3] Plaintiff contends in her reply brief that the record shows there were no jobs Plaintiff could perform at step five. Dkt. 15 at 2-6. This argument was not raised in her opening brief and thus waived. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived").

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

Plaintiff argues the Court should remand for benefits because her case has been pending for more than a decade.  Dkt. 10 at 7.  But the pertinent question is whether the ALJ would be required to find Plaintiff disabled on remand, and Plaintiff does not advance an argument in this regard.  "The touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495-96 (9th Cir. 2015).  Taking everything into account, Plaintiff has not satisfied all three conditions of the credit-as-true rule.  Accordingly, further proceedings on an open record are necessary for a proper disability determination to be made by the ALJ.  *See Treichler*, 775 F.3d at 1106-07.  "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at 1101.

## CONCLUSION

For the reasons set forth above, the Commissioner decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall offer Plaintiff the opportunity for a new hearing, further develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability determination process as appropriate.

Dated this 17th day of June, 2024.

S. KATE VAUGHAN
United States Magistrate Judge